IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD WILSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CASE  NO. 4:13-CV-496 |
| | § | Judge Clark/Judge Mazzant |
| JP MORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.  On January 16, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #13] be granted [Doc. #16].  On February 24, 2014, Plaintiff filed his Objection to the Report and Recommendation of United States Magistrate Judge [Doc. #19].  On March 5, 2014, Defendant filed a response [Doc. #21].

Plaintiff commenced this lawsuit in state court against Defendant. On August 28, 2013, Defendant removed this case to this court. On August 30, 2013, the court entered its Order and Advisory, giving Plaintiff an opportunity to file an amended complaint. Plaintiff did not file an amended pleading.  On September 3, 2013, Defendant filed a Motion to Dismiss.  After no response was filed, the Magistrate Judge issued a report and recommendation that the motion

should be granted. On October 25, 2013, Plaintiff filed an amended complaint and response to

the motion to dismiss. On December 5, 2013, the Magistrate Judge denied the motion to dismiss

as moot. On December 18, 2013, Defendant filed a second motion to dismiss. Plaintiff again did

not file a response.  The Magistrate Judge issued a report and recommendation that the latest

motion to dismiss should be granted.

Plaintiff filed objections and the objections state in their entirety as follows:

Defendants' Motion to Dismiss for Failure to State a Claim and Brief in Support,
Plaintiffs Response in Opposition to Defendant's Motion to Dismiss, As fully
explained in that briefing.  Defendant's Motion to dismiss fails under the
applicable pleading standards to provide any reasonable defense to Plaintiff's first
amended petition and application for temporary injunction. therefore the Plaintiff
objects to the Magistrate's findings, conclusions, and recommendation, and
requests that defendant's motion to dismiss be denied.

Plaintiff's objection, to the extent that it qualifies as an objection, lacks merit.  Plaintiff

argues that Defendant's motion fails under the applicable pleading standards.  The court is at a

loss to understand what Plaintiff is referring to, but to the extent that Plaintiff is objecting to the

form of the motion to dismiss, that objection is overruled and untimely.  If there was some form

objection to the motion, Plaintiff was required to respond to the motion and object.  Any such

objection was waived by the failure of Plaintiff to respond to the motion.

The only pleading standard that has not been complied with in this case is that Plaintiff's

first amended petition fails to comply with the applicable pleading standards by failing to state

any plausible claims.  The Magistrate Judge found that Plaintiff fails to allege any facts that

would make any of his claims plausible.  To date, Plaintiff has failed to  respond to Defendant's

motion to dismiss to explain how any claim being asserted is plausible. The court agrees with the

Magistrate Judge's  findings.

Plaintiff's claim that Defendant lacked authority to foreclose is based on his allegations

that Defendant had not produced the original Note or a certified copy of any assignment of the Deed of Trust, and there is no assignment of the Deed of Trust to Defendant available in the real property records of Collin County. Plaintiff is mistaken, because a Deed of Trust assignment from MERS to Defendant was recorded in the real property records of Collin County, Texas, on October 28, 2011. In addition, Texas law does not require a party to prove it holds the Note or be the Deed of Trust assignee of record as a prerequisite to foreclosure. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252-56 (5th Cir. 2013). Moreover, Defendant's motion clearly sets forth reasons why none of Plaintiff's asserted claims have merit. The court adopts that reasoning.

Having received the report of the United States Magistrate Judge, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #13] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** on April 11 , 2014.

_____
Ron Clark, United States District Judge